## INDUSTRIAL COMMISSION v. GILBERT, et al.

Circuit Court, Leon County.
January 25, 1951.

———•———

Wendell C. Heaton, Tallahassee, for plaintiff.

J. Lewis Hall, Tallahassee, and Gray, Yates & Conroy, Jacksonville, for defendants.

W. MAY WALKER, Circuit Judge.

The industrial commission prays for a declaratory decree setting forth whether or not a Christian Science practitioner is a "recognized practitioner" as contemplated by section 440.13 (1) F. S. A. 1949 which reads: "The employer shall furnish such medical, surgical and/or other attendance or remedial treatment under the direction and supervision of a qualified physician or surgeon, or other *recognized* practitioner. . . ."

Christian Science practitioners were recognized as legal "practitioners" in several previous workmen's compensation laws. Such a practitioner is not necessarily one recognized under a state law, it suffices if the public generally recognizes him as a practitioner, and the court takes judicial notice of the circumstance that for many years practitioners of several of the healing arts have been recognized in their fields in this state before any laws were enacted requiring registration.

The language of the section in my opinion clearly contemp-

lates attendance by practitioners of healing arts other than physicians and surgeons, and the legislative history of the act, as shown in the bill of complaint and answers, clearly indicates that the words "or other recognized practitioners" were inserted in the section for the purpose of including Christian Science practitioners within its provisions.

It is accordingly decreed that a Christian Science practitioner is a "recognized practitioner" within the scope and contemplation of section 440.13 (1) F. S. A. 1949.